IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

                         Plaintiff,                      OPINION & ORDER

   v.

                                                                16-cv-554-jdp

STATE OF WISCONSIN,

                         Defendant.

---

      Pro se plaintiff David Darnell Nelson, Jr. is a prisoner in the custody of the Wisconsin Department of Corrections, currently housed at Waupun Correctional Institution (WCI). Nelson has filed a complaint challenging his state court conviction for second-degree sexual assault of a child. He asks the court to award him $50 million and to expunge his record. The court determined that Nelson qualifies for *in forma pauperis* status, and Nelson paid the initial partial filing fee set by the court. Dkt. 5.

      The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Because Nelson is challenging an underlying conviction, his claims are not, at this time, actionable under 42 U.S.C. § 1983, and I will dismiss his complaint without prejudice.

ALLEGATIONS OF FACT

In a second complaint against the State of Wisconsin, *see Nelson v. Wisconsin*, No. 16-cv-506 (W.D. Wis. filed July 18, 2016), Nelson describes the events that led to his conviction for second-degree sexual assault of a child. Nelson explains that he believed that the victim was 18 years old and that she wanted to have sex with him. He contends that *he* was actually the victim: he could not consent to having sex because he was intoxicated and mentally ill.

Nelson contends that a judge forced him to plead guilty by threatening to sentence him to 60 years in prison. Nelson contends that he did not know his rights and that he did not have any "disability staff" to help him at his hearings. Nelson contends that his mental illness prevented him from understanding what was going on, and the assistant district attorney should not have charged him with second-degree sexual assault of a child because the victim told him that she was 18 years old.

ANALYSIS

Nelson challenges an underlying state court conviction, but he is not entitled to the relief he seeks.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (internal citation omitted). Put differently, plaintiffs may bring claims for unconstitutional things that happen to them via 42 U.S.C. § 1983, but plaintiffs challenge the fact or duration of their confinement via 28 U.S.C. § 2254. Nelson's complaint is

somewhat of a hybrid: he is attempting to challenge his underlying conviction, but he asks for monetary damages via § 1983. But "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id.* at 751 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Nelson challenges the constitutionality of his plea and, as a result, his conviction. A judgment in Nelson's favor here would necessarily undermine Nelson's conviction and imply that it is invalid. For this reason, I must dismiss Nelson's case.

And I will not *sua sponte* convert Nelson's case from a § 1983 action to a habeas action. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (per curiam) ("The district court was not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages (exhaustion and the certificate of appealability only two among many) for litigants. . . . It may be that as a § 1983 suit it is defective, but if so the proper step would have been to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) or grant summary judgment, rather than to 'convert' the case to an impossible or inappropriate alternative suit."). As mentioned, Nelson seeks monetary damages, which are not available under § 2254, making conversion all the more inappropriate. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

I will dismiss Nelson's complaint without prejudice to Nelson pursuing his claims via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. But I will warn Nelson that to pursue his claims via § 2254, he will have to demonstrate that his petition is timely and that he has complied with all applicable exhaustion requirements.

ORDER

IT IS ORDERED that:

1. Plaintiff David Darnell Nelson, Jr.'s case is DISMISSED without prejudice.

2. The clerk of court is directed to close this case.

Entered September 9, 2016.

                    BY THE COURT:

                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge