IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

                Plaintiff,

v.

STATE OF WISCONSIN,

                Defendant.

ORDER

16-cv-554-jdp

---

Pro se plaintiff David Darnell Nelson, Jr. is a prisoner in the custody of the Wisconsin Department of Corrections, currently housed at the Waupun Correctional Institution. Nelson filed a complaint challenging his state court conviction for second-degree sexual assault of a child. I screened Nelson's complaint and determined that because Nelson was challenging an underlying conviction, his claims were not currently actionable under 42 U.S.C. § 1983, and I dismissed his case without prejudice. Dkt. 9.

Now Nelson has filed what I will construe as a motion for reconsideration of the order dismissing his case. Dkt. 11. Nelson has submitted a copy of the order with comments written in the margins and available white space. I will caution Nelson against repeating this practice in the future; it is very difficult to understand what type of document Nelson intended to file (since he has technically refiled one of the court's orders), and it makes it very difficult for me to read and understand Nelson's comments. But this time, I will accept Nelson's submission and address his comments.

"To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "Rule 59 is not a vehicle for rearguing previously

rejected motions[.]" *Id.* Here, Nelson attempts to name new, individual defendants and allege (or re-allege) claims that are related to his underlying state court conviction. He alleges that officers violated his Fourth Amendment rights when they arrested him; that the judge and the district attorney violated his rights when they charged him with and convicted him of sexual assault; that defense counsel was ineffective; that he did not know that the victim was a child; and that the victim lied about her age, among other allegations. Nelson states that he is trying to challenge "unconstitutional things" that happened to him between 2012 and 2016. Dkt. 11, at 2. He states that he wants to bring claims pursuant to 42 U.S.C. § 1983 and that he does not intend to challenge the fact or duration of his confinement. *Id.* at 6.

The majority of Nelson's comments are not all that different from his initial allegations. With one exception, to be discussed in the next paragraph, Nelson cannot bring the claims he is attempting to bring—even though he is alleging violations of his constitutional rights—because he is essentially challenging his underlying state court conviction. A ruling in his favor on these claims would call into question the validity of his conviction. As I explained in my September 9, 2016, order, "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Nelson's claims, although they may identify violations of his constitutional rights, directly implicate the validity of his underlying state court conviction. For this reason, Nelson cannot pursue these claims until he successfully challenges his underlying conviction. The

proper vehicle for such a challenge is a petition for a writ of habeas corpus, not a suit under § 1983.

Nelson has perhaps alleged one claim that will not necessarily undermine the validity of his state court conviction: his claim that officers violated his Fourth Amendment rights when they arrested him for the underlying sexual assault. Although I will not comment on the merits of this claim, it may be actionable under § 1983. But Nelson has named individual officers as defendants for the first time and uses his latest submission to clarify his Fourth Amendment claim as an attempt to proceed against these officers now. But I will not allow Nelson to proceed against new defendants on a newly clarified claim in a closed case. A motion for reconsideration is not the appropriate way to bring these claims.

I will deny Nelson's motion for reconsideration.

## ORDER

IT IS ORDERED that plaintiff David Darnell Nelson, Jr.'s motion for reconsideration, Dkt. 11, is DENIED.

Entered October 24, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge