IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

                                Plaintiff,                              ORDER

    v.

                                                                   16-cv-554-jdp

STATE OF WISCONSIN,

                                Defendant.

---

      This case was closed in September 2016 after I concluded that Nelson's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Nelson was trying to challenge a criminal conviction in a lawsuit brought under 42 U.S.C. § 1983. Dkt. 9 and Dkt. 10. I later denied a motion for reconsideration accompanied by an amended complaint because Nelson's new claims were either still barred under *Heck* or raised new issues against new defendants, so they belonged in a separate lawsuit. Dkt. 12. Nelson did not file an appeal.

      Now Nelson has filed a new document with this case number on it in which he raises the following issues: (1) he "want[s] to bring all [his] claims for unconstitutional things that happen[ed] to [him] at Waupun Correctional Institution"; (2) he wants to bring criminal charges against certain prison officials for their alleged involvement in a sexual assault; and (3) he wants to know "how to settle for cash rewards or who to ask to settle." Dkt. 15. I will construe Nelson's document as a motion to reopen the case and I will deny the motion.

      As to Nelson's request to raise new claims, it is far too late for Nelson to do that in this case. If Nelson believes that certain prison officials have violated his constitutional rights, he must file a new lawsuit, which would involve an assessment of a new filing fee. Any new complaint must explain what each defendant did to violate his rights. Fed. R. Civ. P. 8.

As for Nelson's second request, this court does not have authority to bring criminal charges. That is an issue left for the executive branch. *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Finally, Nelson cannot receive a settlement in a closed case. If Nelson is referring to one of his other cases that is still open, he is free to contact counsel for defendants at any time to discuss a possible settlement. But defendants are not required to settle a case, so if they are not interested in settling, the court cannot require them to do so. The act of filing a lawsuit does not entitle a plaintiff to "cash rewards." In the absence of a settlement, a plaintiff must prove each of his claims.

ORDER

IT IS ORDERED that plaintiff David Darnell Nelson, Jr.'s motion to reopen his case, Dkt. 15, is DENIED.

Entered February 21, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge